Contracts; disputes; finality of administrative findings.— On October 28,1976 the court entered the following order:
Before SkeltoN, Judge, Presiding, Kashiwa and KttNzig, Judges.
“This case is before the court on cross-motions for summary judgment.
“The plaintiff seeks review under the Wunderlich Act, 41 U.S.C. § 321 of factual findings and legal conclusions of the Armed Services Board of Contract Appeals (the Board) in two decisions, A'SBCA No. 10543 and ASBCA No. 11040, relating to a contract awarded to it for the manufacture of a certain electronic device to he used in an aeroplane [see 65-2 BCA para. 5097]. The contract contained a liquidated damage clause which was inserted in the contract by agreement of the plaintiff when the contract price was increased to the extent of $50,000. When the plaintiff failed to deliver the device at the times stated in the contract, the Government assessed liquidated damages against the plaintiff in the sum of $136,136.80. The plaintiff appealed to the Board in No. 10543 asking for a remission of such damages on the following grounds: (1) it is entitled to additional time because of a constructive change made by defendant requiring the device to operate in a pod instead of in an aeroplane; (2) the delays were excusable within the meaning of the Default Clause (Clause 11, Standard Form 32, 1957 ed.); (3) the Government waived the delivery date, and (4) the *365 amount imposed was intended by the Government as a penalty and was therefore unenforceable.
“The Board made factual findings against these contentions of the plaintiff and held that the plaintiff was not entitled to a remission of the liquidated damages. The plaintiff has not specifically challenged any of these factual findings of the Board, and sues here in Count I of its amended petition for the recovery of such liquidated damages.
“In the other (and later) appeal to the Board, in No. 11040, the plaintiff asked for an equitable adjustment on the following grounds: (1) the specifications were erroneous or ambiguous; (2) the contract was impossible of performance; (3) the Navy misrepresented the facts, (4) the Navy had superior knowledge and withheld information from the plaintiff, and (5.) the Government had made a constructive change in the contract. The Board found all of these facts against the plaintiff, and the plaintiff did not specifically challenge any of these factual findings but sues here in Count II of its amended petition for an equitable adjustment on the same factual allegations.
“The trial judge of our court entered an order stating that since the plaintiff had not specifically challenged any of the factual findings of the Board as required in a Wunderlich Act case by our Buie 163(b) (3) (iii), the factual findings of the Board must be accepted as correct, and our review is limited to whether the Board reached erroneous conclusions of law on the facts found by it. The trial judge returned the case to the court for our judicial review of issues of law within the purview of Section 2 of the Wunderlich Act (41 U.S.C. § 322).
“In the two appeals, the Board concluded on the facts found by it that there was no constructive change made by the defendant in the contract; the plaintiff’s delays in delivering the device was not excusable within the meaning of the default clause; there was no waiver by the Government of the delivery dates; the liquidated damage provisions in the contract was not a penalty and was enforceable; the specifications were not erroneous or ambiguous; the contract was not impossible to perform; the plaintiff assumed the risk *366 of performance; and plaintiff was not entitled to a remission of the liquidated.■ damages nor to an equitable adjustment.
“We have carefully- considered ■ these conclusions of law reached by the Board’on the facts found by it,.and are of the opinion that such conclusions are correct and should be approved. ■ - ' '
“Accordingly, the findings of fact and conclusions of law in the two appeals aforesaid are approved and affirmed. Plaintiff’s motion for summary judgment is denied and that of the Government is granted, and plaintiff’s petition is dismissed.”
■ ■ On January 7,1977 the court denied plantiff’s motion for rehearing en bane and for rehearing^